UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JUSTUS REALTY, LLC,

                Plaintiff

-against-

KFC OF AMERICA, INC. YUM! BRANDS,
INC.(formerly known as TRICON GLOBAL
RESTAURANTS, INC.) and
KFC U.S. PROPERTIES, INC.

                Defendants
-------------------------------------------------------------x

Docket No. 07 cv 3615
(RLS)

**ANSWER WITH COUNTERCLAIMS**

        Defendants KFC OF AMERICA, INC. ('KFC of America"), YUM! Brands ("YUM") and KFC U.S. PROPERTIES, INC. ("KFC US) collectively referred to herein as the "Defendants," by their attorneys, Davidoff Malito & Hutcher LLP, answering the Complaint of plaintiff, Justus Realty, LLC, sets forth the following:

        1.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the Complaint.

        2.    Deny the allegations contain in paragraph "2" of the Complaint except admit that Plaintiff and KFC of America entered into a lease (The "Lease") for the Property located at 3203 Peachtree Avenue, Bronx, New York (the "Property) and respectfully refer the court to the document referred to therein for its terms; admit that some rent was paid to Plaintiff; admit that defendant KFC US suspended rent payments on or about March 31, 2004 and admit that plaintiff obtained a judgment of possession of the property and that a free standing dilapidated building had been removed from the

Property and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the sale of the Property and its condition.

3. Deny the allegations in paragraph "3" of the Complaint except admit that KFC US suspended payments of rent and terminated the Lease pursuant to its rights thereunder and respectfully refer the Court to the Lease for its terms.

4. Deny the allegations contained in paragraph "4" of the Complaint.

5. Deny the allegations contained in paragraph "5" of the Complaint.

## JURISDICTION AND VENUE

6. Deny the allegations contained in paragraph "6" of the Complaint except admit that Plaintiff purports to invoke the jurisdiction of the Court.

7. Deny the allegations contained in paragraph "7" of the Complaint except admit that Plaintiff has caused the action to be filed in the instant venue.

## THE PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the Complaint except deny any allegations of loss or injury as a result of alleged acts, sufferances and neglect of the defendants.

10. Deny the allegations contained in paragraph "10" of the Complaint except admit that KFC America was a California corporation and aver that KFC America is no longer an active or functioning corporation and its legal obligations were assumed by KFC US as successor in interest.

11. Deny the allegations contained in paragraph "11" of the Complaint except admit that on or about May 16, 2002 Tricon Global Restaurants, Inc. changed its corporate name to YUM and that KFC America was a subsidiary of YUM.

12. Admit the allegations contained in paragraph "12" of the Complaint.

13. Admit the allegations contained in paragraph "13" of the Complaint except aver that KFC US is the successor in interest to KFC America and assumed its obligations under the Lease.

### AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

14. Defendants repeat and reallege each and every answer to the allegations set forth in paragraph "1" through "13" as if fully set forth herein.

15. Deny the allegations contained in paragraph "15" of the Complaint except admit that on or about December 15, 2000, plaintiff entered into a Lease with defendant KFC America for lease of the Property and respectfully refer the Court to that document for its terms.

16. Deny the allegations contained in paragraph "16" of the Complaint except admit that plaintiff and KFC America entered into a Lease Modification and Reformation Agreement and respectfully refer the Court to that document for its terms.

17. Deny the allegations contained in paragraph "17" of the Complaint except admit that the Lease contained various terms and obligations relating to obtaining permits and respectfully refer the Court to the document for its terms.

18. Deny the allegations contained in paragraph "18" of the Complaint and respectfully refer the Court to the Lease and Lease Modification and Reformation Agreement for its terms.

19. Deny the allegations contained in paragraph "19" of the Complaint except admit upon information and belief, on April 22, 2003 YUM mistakenly sent a letter to plaintiff relating to the start of the Lease Commencement and Rent Commencement Dates and respectfully refer the Court to that document for its contents and further admit that KFC US is a wholly owned subsidiary of YUM but that YUM only performs administrative services for its subsidiaries in relation to the Property and did not assume any obligations under the Lease.

20. Deny the allegations contained in paragraph "20" of the Complaint except admit that KFC US is a subsidiary of YUM and is the successor in interest to KFC America, which had been a subsidiary of YUM but is now inactive.

21. Deny the allegations contained in paragraph "21" of the Complaint except admit that defendant KFC US made some rent payments to plaintiff.

22. Deny the allegations contained in paragraph "22" of the Complaint except admit that the dilapidated free standing building on the Property was demolished and that KFC America made applications for utility and sewer connections

23. Deny the allegations contained in paragraph "23" of the Complaint except admit that KFC US suspended rent payments effective March 1, 2004 by letter dated March 31, 2004 and respectfully refer the Court to both the letter for its contents and the Lease for its terms.

24. Deny the allegations contained in paragraph "24" of the Complaint except admit that neither KFC America or KFC US canceled or terminated the Lease prior to December 12, 2002.

25. Deny the allegations contained in paragraph "25" of the Complaint except admit that plaintiff gave certain notices to defendants and respectfully refer the Court to those documents for their contents.

26. Deny the allegations contained in paragraph "26" of the Complaint except admit that KFC US has not made any additional rent payments subsequent to February 2004.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Deny the allegations contained in paragraph "29" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

30. Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "29" as if fully set forth herein.

31. Deny the allegations contained in paragraph "31" of the Complaint referring to defendants and aver that anything done by KFC America or KFC US relating to the Property was done according to the provisions of the Lease and with the full knowledge and consent of plaintiff and deny knowledge or information sufficient to form

80041156

a belief as to the truth or falsity of the allegations relating to the sale of the property or its value.

32. Deny the allegations contained in paragraph "32" of the Complaint.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF

35. Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "34" as if fully set forth herein.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

### AS TO THE "WHEREFORE" CLAUSE

38. Deny all statements and allegations contained therein, including any claim for relief as set forth in the "WHEREFORE" clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The First Claim for Relief fails to state a claim for which relief can be granted.

80041156

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The Second Claim for Relief fails to state a claim for which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The Third Claim for Relief fails to state a claim for which relief can be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The Lease does not contain an acceleration clause, accordingly, if any rents are due plaintiff, which Defendants deny, rents would only be due from the period of March, 2004 through December, 2004, when plaintiff sold the Property, or no more than $50,000.00.

43. Accordingly, this Court lacks subject matter jurisdiction in this diversity case as the amount in controversy does not exceed $75,000.00.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. Paragraph 15 of the General Provisions of the Lease entitled "Default by Tenant" states inter alia that, "If Tenant fails to cure any default following notice, then Landlord may exercise all its remedies at law. **Notwithstanding the foregoing, Tenant shall not owe Landlord any amount not demanded of Tenant by Landlord within two (2) years after the date such amount was first due to be paid by Tenant to Landlord.**"

45. Claims for past rent allegedly owed by defendant KFC US, if any are in fact due, accrued from March 2004 to December, 2004 when the Property were sold. This action was commenced by Plaintiff on May 7, 2007.

7

80041156

46. Upon information and belief, the only demand by Plaintiff for rent due was a 10 day notice dated June 4, 2004 in the sum of $20,750.00, for rent for the period of March through June, 2004.

47. Upon information and belief, there were no demands by plaintiff to Defendants for rent due subsequent to June, 2004. Since no demands for rent were made by Plaintiff within two years of the time they were due, plaintiff does not have a sustainable claim for any money for rent other than the sum of $20,000.00 for the months of March through June, 2004.

48. Accordingly, this Court lacks subject matter jurisdiction in this diversity case as the amount in controversy does not exceed $75,000.00.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Plaintiff is not entitled to consequential damages resulting from suspension of rent payments and termination of the lease.

50. Accordingly, this Court lack subject matter jurisdiction in this diversity case as the amount in controversy does not exceed $75,000.00.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff comes before this Court with unclean hands.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

52. Plaintiff's Claims are barred by the doctrines of waiver and estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred by the doctrines of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. Payment of rent by defendant KFC US were suspended pursuant to the terms of the Lease.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff never delivered clean title and full access to the Property in accordance with the terms and conditions of the Lease.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to provide quiet enjoyment and possession of the Property as required by the terms and conditions of the Lease.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

57. Paragraph 11.2 of the Lease entitled Utility Installation gives the Tenant the right to cancel the Lease if Landlord cannot obtain the legal access to run utility lines across other property.

58. KFC US was unable to connect to the main sewer line as plaintiff was unable to obtain access and an easement from the adjacent property owner so that KFC US could attach to the main sewer line.

59. Accordingly, KFC US had the right to terminate the Lease.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

60. Pursuant to paragraph 8 of the Lease, Plaintiff agreed to correct all title and access objections of KFC. Pursuant to paragraphs 8 and 10.3 of the Lease, upon the failure of Plaintiff to provide the requisite title and access to the Property, KFC US had the right among other things, to withhold further payment of any rent due under the lease.

61. Plaintiff breached its obligations under paragraph 8 of the Lease.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. Pursuant to paragraph 9 of the Lease, Plaintiff agreed to remediate all hazardous materials with respect to environmental conditions in or upon the Property.

63. Plaintiff was unable to provide KFC US with a so called "no further action letter" from the New York State Department of Environmental Conservation indicating that there are no other environmental issues or contamination at the Property.

64. Plaintiff breached it obligations under paragraph 9 of the Lease.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

65. Plaintiff breached its obligations under the Lease including it obligations under paragraphs 8 and 9 of the Lease.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

66. Paragraph 20.6 of the General Provisions of the Lease states that "[T]his Lease shall be interpreted to give effect to its fair meaning and shall be construed as though it was prepared by both parties." Accordingly, any ambiguities cannot be interpreted and construed against the defendants and their individual and separate interests.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

67. YUM only provided administrative services to KFC US and prior thereto to KFC America and is not a Tenant under the Lease, nor had it assumed any of the Tenant's obligations under the Lease.

68. Accordingly, YUM is not a proper party defendant.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff has not pleaded the requirements to pierce the corporate veil of defendant KFC US to hold YUM liable for KFC US's obligations which it assumed as successor in interest to KFC America.

70. Accordingly, YUM is not a proper party defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

71. KFC US is the successor in interest to KFC America, which is an inactive corporation, and assumed KFC of America's interests, obligations and liabilities under the Lease.

72. Accordingly, KFC America is an improper party defendant.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

73. This action is barred by the applicable statute of limitations.

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM ON BEHALF OF DEFENDANT KFC US

74. Plaintiff was unable to provide clean title and access to the Property because a company called Peartree Associates LLC ("Peartree") claimed to possess an option to acquire the Property. Peartree involved KFC in lengthy and costly litigation concerning its alleged option rights, which litigations lasted from approximately April 2001 to March 2003, when the dismissal of Peartree's claims was affirmed on appeal.

75. As a result of this litigation, KFC was unable to construct its proposed connection with the main sewer line, as intended and agreed by the plaintiff and KFC America when they entered into the Lease, because KFC requires an easement over

the property owned by Peartree's principal, Harvey Rosenschein, in order to make such connection, and Mr. Rosenschein refused to grant KFC such an easement.

76. Because of the litigation with Peartree and Mr. Rosenschein's refusal to grant an easement for KFC's intended sewer connection, KFC US, as successor in interest to KFC America's costs for developing the Property had increased to such an extent that it was no longer economically feasible for KFC US to develop this site as originally conceived under the Lease.

77. In addition to the foregoing, plaintiff had informed KFC that hazardous material continued to exist after the Lease was entered into and, despite, KFC America and KFC US's repeated demands, plaintiff failed and refused to provide KFC US with a "no action letter" by the appropriate State authorities or equivalent proffer from the appropriate authorities substantiating that the previously existing environmental problems at the Property had been remediated by Plaintiff.

78. As a result of the foregoing breaches of the Lease by Petitioner, KFC US, on its own and as successor in interest to KFC America, incurred unrecoupable expenses and suffered other damages in excess of $300,000.00.

### AS AND FOR A SECOND COUNTERCLAIM

79. Pursuant to paragraph 17 of the Lease, should Defendants prevail in this action they are entitled to judgment against Plaintiff for their reasonable attorney's fees and costs incurred herein.

WHEREFORE, Defendants requests

(a) That the Court dismiss plaintiff's Complaint with prejudice and deny each and every demand, claim and prayer for relief contained in the Complaint

(b) Judgment on the First Counterclaim to KFC US in an amount to be proven at trial but in excess of $300,000.00.

(c) Judgment on the Second Counterclaim to KFC US for Defendants' reasonable attorneys fees incurred in defense of this action.

(d) Award Defendants reimbursements for the costs, and attorneys fees incurred in the defense of this action;

(e) For such other and further relief as to the Court deems just and proper.

Dated: Garden City, New York
       July 6, 2007

                                      DAVIDOFF MALITO & HUTCHER LLP

                                      By: _____
                                          Mark E. Spund (MES 4705)

                                      Attorneys for Defendants
                                      200 Garden City Plaza, Suite 315
                                      Garden City, New York 11530
                                      (516) 248-6400

To: Lawrence B. Goldberg, Esq.
    Attorney for Plaintiff
    220 Fifth Avenue
    Thirteenth Floor
    New York, New York 10001

80041156

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JUSTUS REALTY, LLC,

        Plaintiff

                                                  Docket No. 07 cv 3615
                                                  (RLS)

        -against-

KFC OF AMERICA, INC. YUM! BRANDS,
INC. (formerly known as TRICON GLOBAL
RESTAURANTS, INC.) and
KFC U.S. PROPERTIES, INC.

        Defendants

-------------------------------------------------------------x

### CERTIFICATE OF SERVICE

I, LAURA J. CAVALLO, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age, and am employed by Davidoff Malito & Hutcher LLP in Nassau County, New York. I hereby certify that on July 6, 2007, I caused a copy of the within Answer with Counterclaims to be served on

    Lawrence B. Goldberg, Esq.
    Attorney for Plaintiff
    220 Fifth Avenue
    Thirteenth Floor
    New York, New York  10001

by depositing a true copy of same enclosed in a plain envelope, first class mail postage paid, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                                 Laura J. Cavallo

Sworn to before me this
6th day of July, 2007

_____
Notary Public

ERASMIA MAKROS
Notary Public, State of New York
No. 01MA6070030
Qualified in Nassau County
Commission Expires Feb 19, 20__

80041214

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCKET NO. 07 cv 3615

---

JUSTUS REALTY, LLC,

Plaintiff

-against-

KFC OF AMERICA, INC. YUM! BRANDS,
INC.(formerly known as TRICON GLOBAL
RESTAURANTS, INC.) and
KFC U.S. PROPERTIES, INC.

Defendants

---

**ANSWER WITH COUNTERCLAIMS**

---

DAVIDOFF MALITO & HUTCHER LLP
Attorneys for Defendant
200 Garden City Plaza, Suite 315
Garden City, New York 11530
(516) 248-6400